IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TY M. HARMER, } | |
|     Petitioner, } | |
| } | |
| vs. } | Case No.  5:12-cr-40082-JAR |
| } | No. 14-4058-JAR |
| UNITED STATES OF AMERICA, } | |
|     Respondent. } | |
| } | |

## AGREED ORDER GRANTING MOTION TO VACATE

On July 8, 2014, the Petitioner, Ty M. Harmer, filed a Motion to Vacate, pursuant to 28 U.S.C. § 2255, in light of the Tenth Circuit's published decision in *United States v. Brooks*, 751 F.3d 1204, 2014 WL 2443032 (10th Cir. 2014). The Petitioner asks that this Court vacate his conviction and sentence in Case No. 5:12-cr-40082-JAR because he is actually innocent of the offense of conviction. The underlying offense conduct involved the possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In light of *Brooks*, which held that certain Kansas convictions do not qualify as felony convictions for purposes of federal law, the Petitioner asserts that he was not prohibited from possessing a firearm under § 922(g)(1). The government has waived any potential procedural hurdles to relief and does not oppose the motion.

Here, in light of the Tenth Circuit's decision in *Brooks*, although the Petitioner possessed a firearm, at the time of his possession, he was not a felon for purposes of § 922(g)(1). This is so because his underlying Kansas convictions for Possession of

Narcotics and No Stamp Tax Act did not carry statutory maximum sentences of more than one year. Because the Petitioner is actually innocent of the conviction in Case No. 5:12-cr-40082-JAR, the Petitioner is entitled to relief under 28 U.S.C. §2255 and the conviction and sentence must be vacated.

This Court thus VACATES the conviction and sentence in Case No. 5:12-cr-40082-JAR. Because the conviction is vacated, Mr. Harmer is to be RELEASED FROM CUSTODY IMMEDIATELY.

**IT IS SO ORDERED.**

Dated this 9th day of    July, 2014, at Kansas City, Kansas.


 s/ Julie A. Robinson
HON. Julie A. Robinson
United States District Judge